JACK HARRIS *v.* THE STATE.   S. W. MCALLISTER *v.* THE STATE.   KINCHAN & LITTELL *v.* THE STATE.

CONSTITUTIONAL LAW — OCCUPATION TAX ON LIQUOR-SELLERS. — This court concurs in the ruling of the Supreme Court in *Higgins* v. *Rinker*, 47 Texas, 393, sustaining the constitutionality of the occupation tax imposed on retailers of liquor by the act of June, 1873.

APPEALS from the County Court of Bexar. Tried below before the Hon. T. A. DWYER.

No briefs for the appellants.

*George McCormick*, Assistant Attorney-General, for the State.

WHITE, J.   Each of these cases was tried upon information, in the County Court of Bexar County, the charge against each appellant being that he did, illegally and unlawfully, from April 1, 1876, up to and until January 1, 1877, "pursue and follow the occupation of selling spirituous, vinous, malt, and other intoxicating liquors in quantities less than a quart, without having paid the state occupation tax levied on said business, and without having first obtained a license therefor," etc.

A special plea was filed by each defendant, to the effect that the 3d section of the act of June, 1873, entitled "An act to regulate taxes" (Gen. Laws Thirteenth Legislature, 200), in so far as it imposed a tax upon this occupation, was violative of, "and in contravention of, the Constitution of the United States, and because said provision discriminates in favor of the products or manufactures of the state of Texas, and against those of foreign states and other states of the American Union."

The portion of the section claimed to be unconstitutional is as follows:

"Sec. 3.  That there shall be levied on, and collected from, every person, firm, or association of persons pursuing any of the following occupations an annual tax (except when herein otherwise provided) on every such occupation or separate establishment, as follows: For selling spirituous, vinous, malt, or other intoxicating liquors in quantities less than one quart, two hundred dollars; in quantities of a quart, and less than ten gallons, one hundred dollars: provided that this section shall not be so construed as to include any wines or beer manufactured in this state, or when sold by druggists for medicinal purposes; and provided, further, that this section shall not be so construed as to authorize druggists to sell spirituous or intoxicating liquors, except alcohol."

This special plea was, on motion of the county attorney,

stricken out by the court, and this action of the court is assigned as error on these appeals.

The question here raised is not a new one. It was presented, elaborately argued, and maturely considered by our Supreme Court, in the case of *Higgins* v. *Rinker*, 47 Texas, 381, 393, and the court held the act to be constitutional. It is unnecessary for us to do more than refer to the able and exhaustive opinion of Chief Justice Roberts upon the rehearing granted in that case, and to say that this court fully concurs in the conclusions arrived at. The court did not err in striking out the special plea.

In addition to this special plea, the defendants in each of these cases filed exceptions to the information, which were overruled by the court. The exception was that the information was duplicitous, because the occupation followed was subject to a different tax, from the time between April 1, 1876, to November 21, 1876, to the tax, as imposed by a subsequent law, between November 21, 1876, and January 1, 1877; the former period falling under the act of 1873, above quoted, and the latter under the 3d section of the act of 1876 (Gen. Laws Fifteenth Legislature, 243).

We do not perceive the force of the exception. The penalty for the violation of the requirements of either act, or, rather, of both acts, is the same; and that penalty has not been repealed by the subsequent act. Whenever the party pursued the occupation without paying the tax, he was liable to the punishment affixed by law; the punishment being for pursuing the occupation before paying the tax. Gen. Laws 2d Sess. Fourteenth Legislature (1875), p. 94.

The judgment rendered in the court below in each of the above-styled cases is affirmed.

*Affirmed.*